UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**AUG 18 2015**

Clerk, U.S. District and Bankruptcy Courts

Gregory Hemby,   )
             )
         Plaintiff,   )
             )   Case: 1:15-cv-01337
     v.         )   Assigned To : Unassigned
             )   Assign. Date : 8/18/2015
Fairfax Village Condominium IV   )   Description: Pro Se Gen. Civil
Association, Inc. *et al.*,   )
             )
             )
         Defendants.   )

## MEMORANDUM OPINION

Plaintiff, a District of Columbia resident proceeding *pro se*, seeks to bring a class action against his condominium association for violations of the Sherman Act, 15 U.S.C. §§ 1 *et seq.*, and the Clayton Act, 15 U.S.C. §§ 12 *et seq.* He has submitted with the complaint an application to proceed *in forma pauperis*, which will be granted for the purpose of dismissing the case.

Plaintiff alleges that defendants have violated the foregoing Acts "by their exclusivity with a[n] expressed or implied agreement with a cable provider [Comcast] in the provision of cable services to Village IV residents[.]" Compl. at 5 (first bracket in original). He sues "On Behalf of [those] Residents[.]". *Id.* at 1. As a general rule applicable here, a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*,

1

No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

This Court previously dismissed plaintiff's complaint raising a similar antitrust claim against the same defendants for want of subject matter jurisdiction upon determining that "the core of Plaintiff's complaint is his dissatisfaction with the current landlord-tenant relationship, and the alleged violations of federal law, which are entirely peripheral, are neither 'necessary' to, nor an 'element' of, Plaintiff's claims." *Hemby v. Fairfax Village Condominium IV Assoc.'n, Inc.*, No. 14-2038, slip op. at 2 (D.D.C. Dec. 8, 2014) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)). Although the instant complaint is limited to the exclusive agreement defendant has with Comcast to provide cable services to residents, *see* Compl. at 2-6, it cannot proceed as the intended class action without licensed counsel. Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: August 14, 2015

United States District Judge